UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA CHEATHAM,

      Petitioner,                         Case No. 11-14855

v.                                 HONORABLE AVERN COHN

MILLICENT WARREN,

      Respondent.

_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR A WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Debra Lee Cheatham
("Petitioner") is a state inmate at the Huron Valley Women's Correctional Facility in
Ypsilanti, Michigan.  Petitioner filed a *pro se* petition for a writ of habeas corpus
challenging her plea-based convictions for delivery or manufacture of
methamphetamine, conspiracy to deliver or manufacture methamphetamine, operating
or maintaining a lab involving methamphetamine, possession of methamphetamine, and
felony firearm.  Respondent, through the Michigan Attorney General's office, filed a
response, arguing that Petitioner's claim is without merit.  For the reasons that follow,
the petition will be denied.  The Court will also deny a certificate of appealability.

## II.  Background

### A.  Facts

Petitioner's convictions arise from the discovery of a methamphetamine lab in her
house.  A nearby property owner called police after finding trash dumped onto his

property, which police ultimately determined was waste from a methamphetamine lab. This led to the discovery of the methamphetamine lab in Petitioner's house.

During the plea hearing, Petitioner admitted that she allowed her co-defendants, Britia Anderson and David Blankenship, to use her house to manufacture methamphetamine.  She stated that she knew what they were doing and that she saw them while they were manufacturing the methamphetamine.  Petitioner also admitted that she was in possession of a rifle while the manufacture of methamphetamine was taking place.  Initially, there was some confusion as to whether she knew the rifle was in her house; at first, she said that she did not know it was there until after the fact.  But, when specifically asked by the trial court, she later clarified that she knew it was in the house during the time the methamphetamine lab was operational.

## B.  Procedural History

Petitioner pleaded guilty to two counts of delivery or manufacture of methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i); conspiracy to deliver or manufacture methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i); operating or maintaining a lab involving methamphetamine, MICH. COMP. LAWS § 333.7401c(2)(f); operating or maintaining a lab involving hazardous waste, MICH. COMP. LAWS § 333.7401c(2)(c); possession of methamphetamine as a second offender, MICH. COMP. LAWS § 333.7403(2)(b)(1); and five counts of felony firearm, MICH. COMP. LAWS § 750.227b.

On March 26, 2010, Petitioner was sentenced to five concurrent terms of 51 months to 40 years' imprisonment for the methamphetamine-lab-related convictions, and 150 days' imprisonment for the possession of methamphetamine conviction, which

2

were to be served concurrently with one another and consecutively to two years'
imprisonment for the felony-firearm convictions.

After she was sentenced on these charges, Petitioner brought post-conviction
motions: a motion to withdraw her plea because of ineffective assistance of counsel, a
motion for re-sentencing based on inaccurate information, a motion to vacate the
conviction for manufacture of hazardous waste, and a motion to correct a clerical error.
The trial court denied all of these motions except for the motion to vacate the conviction
on the hazardous waste charge, which the trial court granted because the conviction
violated the Double Jeopardy Clause.

Petitioner filed a delayed application for leave to appeal with the Michigan Court
of Appeals, raising the same claim she now brings to this Court.  The Michigan Court of
Appeals denied leave to appeal.  *People v. Cheatham*, No. 301713 (Mich. Ct. App. Feb.
3, 2011).  Petitioner filed an application for leave to appeal with the Michigan Supreme
Court, which also denied leave to appeal.  *People v. Cheatham*, 798 N.W.2d 789 (Mich.
June 28, 2011).  Petitioner then filed a petition for habeas corpus, raising the following
claim for relief:

> Petitioner should be allowed to withdraw from her guilty plea agreement
> because she was clearly misled as to its potential benefit and
> consequences.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at
28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed the petition after
the AEDPA's date of effect.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  This law
restricts when a federal court may grant a petition for habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Case law has further clarified the statute.  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *See also Bell*, 535 U.S. at 694.  But, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"

*Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Under Section 2254 (d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court rendered its decision. *See*

5

*Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 131 S. Ct.  at 785.  Furthermore, it "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual findings are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may only rebut this with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Furthermore, habeas review is limited by statute to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, _U.S._, 131 S. Ct. 1388, 1398 (2011).

## IV. Discussion

Petitioner claims that she should be allowed to withdraw her plea on the ground of ineffective assistance of trial counsel because she was misled as to the potential consequences of her plea.  Specifically, she alleges that her guilty plea was involuntary because trial counsel erroneously advised her that she was guilty of felony firearm even if she did not know that a firearm was inside her home until after the police raid.

Petitioner further contends that her trial counsel failed to properly advise her of the potential benefits and consequences of her guilty pleas.  Petitioner says trial counsel was ineffective in two respects: trial counsel erroneously advised her that she was guilty of the felony firearm charges even if she did not know that a firearm was inside her home until after the police raid; and trial counsel advised her to plead guilty to two charges in violation of the Double Jeopardy Clause.

The right to effective assistance of counsel applies during the plea process. *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972).  "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."  *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1486 (2010).  The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a guilty or no contest plea on the ground that she was denied the effective assistance of counsel.  First, the Petitioner must establish that "'counsel's representation fell below an objective standard of reasonableness.'"  *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).  Second, the Petitioner must demonstrate that

7

counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.

The Supreme Court has recently held that trial counsel's erroneous advice regarding the consequences of a guilty plea may render the representation constitutionally defective.  *See Padilla*, 559 U.S. at __, 130 S. Ct. at 1483-84 (holding that failure to advise of deportation consequences of guilty plea resulted in constitutionally defective representation).  There is an affirmative duty on the part of defense counsel to communicate formal plea offers from the prosecution where the terms and conditions may be favorable to the accused.  *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1408 (2012).  Ineffective assistance may also occur where deficient advice by counsel results in rejection of the plea offer when the defendant otherwise would have pled guilty.  *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012).

The Sixth Circuit has also provided guidance for interpreting this standard in the specific context of trial counsel's advice about the consequences of a plea.  Defense counsel may be deemed ineffective for misadvising a defendant about the sentencing consequences of a plea offer.  *See Smith v. United States*, 348 F.3d 545, 553-54 (6th Cir. 2003).  However, a trial court's proper plea colloquy ordinarily cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).  Furthermore, in cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea.  *See Ramos v. Rogers*, 170

8

F.3d 560, 564 (6th Cir. 1999). "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'"  *Id.* at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

The trial court rejected Petitioner's request to withdraw her plea, finding that Petitioner understood the crimes to which she pleaded guilty and the consequences of her plea:

> The first issue on this post-conviction motion brought by the defendant is the motion to withdraw the plea. . . . The claim is that there is error based upon ineffective assistance of counsel for failing to advise Ms. Cheatham that she needs to be in knowing possession of a firearm at the time of the commission of the felony, and because she was inadequately advised, as she points out in her affidavit, that this was somehow a coerced plea made with a misunderstanding of what the law was.  Despite the aff[i]davit from Ms. Cheatham, I don't find that there is sufficient evidence of an error in the plea proceedings.  There's no claim that the Court didn't properly advise her.

> If there is an error, it would require the Court finding there's a reasonable probability the result would be different but for the error, and the result is fundamentally unfair or unreliable.  In this connection we do have the reference in the transcript, . . . where the defendant does admit after further questioning that she was aware of the presence of the weapon at the time. So it's not uncommon to have an offender sometimes minimize, as she did, by saying, "Well, I didn't know until after the fact," and then when pressed and clarification is sought, she says under oath she did know.  So I think that that really undermines any claim that there was error or that it is fundamentally unfair or unreliable to allow this plea [to] stand.  In addition to that, . . .  she does say that there was no force or threats; that it was a free and voluntary decision, in other words, it was her decision, her own choice to enter this plea.

> So the Court denies the motion to withdraw the plea after sentencing.  I don't find that there is a sufficient error in the plea proceeding that would justify allowing her to withdraw the plea.

Tr., 9-11, Oct. 29, 2010.

Petitioner alleges that her trial counsel erroneously advised her that she was guilty of a felony firearm even if she didn't know that the rifle was in her house. But during the plea hearing, Petitioner clearly stated that she did know that the rifle was in the house at the time the methamphetamine was being manufactured. Petitioner is bound by this in-court statement. *See Ramos,* 170 F.3d at 564. Therefore, her contention that trial counsel was deficient in advising her to plead guilty to the felony-firearm charge fails based upon this admission.

The trial court's decision to deny the motion to withdraw the plea clearly comports with the *Hill* standard relating to ineffective assistance during the guilty plea process. Indeed, the trial court corrected any error previously made by counsel during the plea colloquy because Petitioner's responses to the judge's questions showed that she understood the charges and the consequences of pleading guilty. In other words, the trial court's decision is not contrary to nor an unreasonable application of Supreme Court precedent, nor is it an unreasonable determination of the facts in light of the evidence presented before it. Habeas relief is not warranted on this ground.

Petitioner also contends that her trial counsel was ineffective for advising her to plead guilty to the hazardous waste charge, which was later vacated on double jeopardy grounds. Even if trial counsel's performance as to this charge was constitutionally defective, any claim of ineffective assistance here is moot because the mistake was later successfully addressed through a post-conviction motion to vacate.

Petitioner also contends that her plea was involuntary because she relied on her

10

trial counsel's deficient advice.  To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client."  *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

As discussed above, a petitioner is bound by any in-court statements regarding her understanding of the plea when challenging the voluntariness of a plea agreement. To hold otherwise would render the plea colloquy process meaningless.  *Ramos,* 170 F.3d at 564.  Here, Petitioner's responses during the trial court's s plea colloquy indicated that she entered the plea voluntarily:

> THE COURT:       Ms. Cheatham, did the prosecutor correctly state the terms of the plea agreement in your case?
>
> PETITIONER:      Yes, your Honor.
>
> THE COURT:       Has anybody promised you anything else in addition to that agreement to get you to enter this plea?
>
> PETITIONER:       No, your Honor.
>
> THE COURT:       Is anyone forcing you in any way to do this?
>
> PETITIONER:      No.

11

THE COURT:       Is this your decision or your choice?

PETITIONER:      Yes, your Honor.

Plea Tr., 8, Feb. 8, 2010.

The trial court denied Petitioner's post-conviction motion to withdraw her plea, holding that there was not sufficient error in the plea proceeding to justify granting the motion. However, the trial court did not directly address the voluntariness issue. That issue was decided for the first time by the Michigan Court of Appeals when it issued a summary order denying leave to appeal for lack of merit. *People v. Cheatham*, No. 301713 (Mich. Ct. App. Feb. 3, 2011).

The plea colloquy shows that Petitioner was informed of the maximum possible sentence she faced. She was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury. Petitioner indicated that she understood her rights and was voluntarily waiving them. Additionally, Petitioner stated that no promises had been made to her in exchange for his guilty plea beyond those stated on the record. Petitioner's "[s]olemn declarations in open court" that her plea was freely, understandingly, and voluntarily made, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent and voluntary and that the trial court's opinion finding the same was not contrary to or an unreasonable application of Supreme Court precedent.

## V. Certificate of Appealability

The Court will also deny a certificate of appealability. Rule 11 of the Rules

12

Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To be entitled to a certificate of appealability, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  In this case, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore denies a certificate of appealability.

### VI.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DENIED.

A certificate of appealability is DENIED.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 28, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160

13